SOPHIE PROKOPOWICZ et al., Appellants, v. 11 WEST 42ND STREET, INC., Defendant, and OTIS ELEVATOR COMPANY, Respondent.

Argued October 27, 1942; decided December 3, 1942.

*Robert R. Bauman* and *Arthur L. Obre* for appellants. A *prima facie* case of negligence as to the elevator company was clearly made out. It was accordingly error to dismiss the complaint. (*Dzkowski* v. *Reynoldsville Carting Co.*, 216 N. Y. 173; *African Metals Corp.* v. *Bullowa*, 288 N. Y. 78; *Wanamaker* v. *Otis Elevator Co.*, 228 N. Y. 192; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Marus* v. *Central R. R. Co.*, 175 App. Div. 783; *Corbett* v. *Scott*, 243 N. Y. 66; *Pine Grove Poultry Farm* v. *Newton By-Products Mfg. Co.*, 248 N. Y. 293; *Transportation Line* v. *Hope*, 95 U. S. 297; *Scott* v. *Churchill*, 15 Misc. Rep. 80; 157 N. Y. 692; *Piehl* v. *Albany Ry. Co.*, 19 App. Div. 471; *Sweet* v. *Perkins*, 123 App. Div. 910; 196 N. Y. 482.)

*Bertrand L. Pettigrew* and *Chauncey L. Grant* for respondent. The elevator was not shown to have been inherently dangerous nor was any negligence on the part of said defendant respecting the construction and installation of said elevator, shown, and the evidence presented no issue as to that defendant for the consideration of the jury. (*Rosenfeld* v. *American Ins. Co.*, 260 App. Div. 697; *People* v. *Creasy*, 236 N. Y. 205; *Travis* v. *Rochester Bridge Co.*, 188 Ind. 79; *Berg* v. *Otis Elevator Co.*, 231 Pac. Rep. 832; *G. C. P. Fire Relief Assn.* v. *Sonneborn Sons*, 263 N. Y. 463; *Trust Co.* v. *Lewis Auto Sales, Inc.*, 306 Ill. App. 132; *Bergstresser* v. *Van Hoy*, 142 Kan. 88; *Foster* v. *Ford Motor Co.*, 139 Wash. 341; *Olds Motor Works* v. *Shaffer*, 145 Ky. 616; *Wissman* v. *General Tire Co.*, 327 Penn. St. 215; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Lynch* v. *International Harvester Co.*, 60 Fed. Rep. [2d] 223.)

*Per Curiam.* Even without direct proof that the installation of an additional safety device on electrical elevators was customary in 1926, a question of fact is presented whether the defendant Otis Elevator Company acted negligently in failing to install such device under the circumstances shown by the evidence produced by the plaintiff.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed.